**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| JAMES W. HARPEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No.: 1:12-cv-10280-RWZ |
| v. | ) | |
| | ) | |
| RONALD A. NICHOLSON | ) | |
| | ) | |
| Defendant. | ) | |

## DECLARATION OF JAMES W. HARPEL

I, James W. Harpel, declare and affirm that the following is true and correct, and based upon my personal knowledge, except where stated upon information and belief, which I believe to be true:

1.      I am over eighteen years old and am competent to testify to the matters addressed in this declaration.

2.      I am an original Limited Partner of Litchfield Terrace Associates, a Massachusetts limited partnership formed in 1972 that developed, owned, and operated a subsidized housing project in Leominster, Massachusetts (the "Partnership") and for which I owned an approximately forty (40) percent interest in the Partnership.

3.      Ronald A. Nicholson ("Nicholson") was the original General Partner of the Partnership, and managed and controlled its business affairs from its inception in 1972.

4.      Nicholson has maintained numerous contacts with and business interests in the Commonwealth of Massachusetts, including transacting business on behalf of the Partnership.

5.      As the General Partner of the Partnership, Nicholson was responsible for the allocation of profit and loss attributable to my limited partnership interest.  Nicholson regularly kept me apprised of the Partnership's business affairs by providing me with annual K-1 tax

statements and Partnership notices.   Nicholson also consulted with me regarding other Partnership matters, such as my requests to plant more trees at the Partnership's housing project (which were declined by Nicholson).

6.      In addition, Nicholson, as General Partner of the Partnership, in 2006 exercised a right of first refusal under the Partnership Certificate, permitting him to purchase my limited partnership interest in the Partnership, but only if on the same terms and at the same price as the terms and conditions that I reached with Investor Services Group ("ISG").

7.      This dispute directly arises out of Nicholson's exercise, as General Partner of the Partnership, of a right of first refusal under the Partnership Certificate.   But for Nicholson's exercise of such rights, this dispute would not exist.

8.      I have chosen to bring my claims in the Commonwealth of Massachusetts based on my own convenience, and that of my selected counsel, as well as the Partnership's status as a Massachusetts limited partnership that governed by Massachusetts law.

9.      Anticipated witnesses in this matter include the corporate representative and custodian of records for the Partnership, Bay Management Corporation (for which Nicholson is President and Director), and ISG.   These entities are domiciled in or maintain offices in the Commonwealth of Massachusetts.

10.      My expectation is that the Partnership's records are or should be maintained at the Partnership's principal office in the Commonwealth of Massachusetts.  Public records reflect that the principal office of the Partnership is the office of Bay Management Corporation in Dedham, Massachusetts.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: May 3, 2012                    /s/ James W. Harpel_____